John A. Bailey Jr., ISB 2619
HAWLEY TROXELL ENNIS & HAWLEY
412 West Center – Suite 2000
Pocatello, ID 83204
Telephone:    (208) 233-2001
Facsimile:    (208) 232-0150
jbailey@hawleytroxell.com
*Counsel for Federal Express*
*Corporation and FedEx Ground*
*Package System, Incorporated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO
## EASTERN DIVISION

|  |  |
|---|---|
| **POINT ZERO ENERGY, LLC,** ) <br> **an Idaho Limited Liability Company,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **FEDERAL EXPRESS CORPORATION** ) <br> **an Idaho Foreign Business Corporation,** ) <br> **FEDEX GROUND PACKAGE SYSTEM** ) <br> **INCORPORATED an Idaho Foreign** ) <br> **Business Corporation, and DOES 1-15,** ) <br> ) <br> **Defendants.** ) <br> ) | **Case No.** <br><br> **NOTICE OF REMOVAL** |

## TO THE JUDGES OF THE UNITED STATES DISTRICT COURT OF IDAHO, FOR THE EASTERN DIVISION, AND TO PLAINTIFF:

PLEASE TAKE NOTICE that FEDERAL EXPRESS CORPORATION ("FedEx"),

hereby files its Notice of Removal under 28 U.S.C. §1441 to effect removal of this matter which

was commenced in the Sixth Judicial District of the State of Idaho in and for Franklin County,

**NOTICE OF REMOVAL PAGE-1**

under case number CV21-22-0455.  Defendant states that removal is proper for the following reasons:

## REMOVAL IS PROPER BASED ON THE DIVERSITY OF THE PARTIES UNDER 28 U.S.C. 1332

1.      On December 21, 2022, Plaintiff filed a Complaint styled *Point Zero Energy, LLC vs. Federal Express Corporation and FedEx Ground Package System, Incorporated*, Docket Number CV21-22-0455, pending in the Sixth Judicial District of the State of Idaho in and for Franklin County.  FedEx's records indicate that it first received notice of this action on December 30, 2022 and thirty days since such notice has not yet expired.  Copies of the foregoing documents are attached hereto as Exhibit A.  These documents constitute all pleadings, process and other documents served upon Defendant in this action.  These documents are the initial pleadings served upon Defendant setting forth the claims upon which Plaintiff's action is based.

2.      At the time of this filing, FedEx Ground Package System has not been served with notice of this lawsuit.  FedEx Ground is a separate corporate entity from Federal Express Corporation and is incorporated in the state of Delaware, with its principal place of business in Pennsylvania.

3.      The above-styled suit is a civil action for money damages in which Plaintiff alleges, inter alia, that Defendant engaged in conversion, breach of contract, breach of good faith and fair dealing, unjust enrichment, and defamation.  The alleged conduct occurred in the state of Tennessee.

4.      Defendant Federal Express Corporation was and is incorporated in the state of Delaware and at all relevant times has had its principal place of business in the state of Tennessee.

5.      Upon information and belief, Plaintiff is currently, and was at the commencement of this action, a citizen of the state of Idaho.

6.      Plaintiff's Complaint contemplates an amount in controversy in excess of $75,000.00, exclusive of interest and costs, in that Plaintiff seeks damages in the amount of $108,000.80. The Plaintiff also seeks attorney's fees, punitive damages, and costs of suit. *See Exhibit A, Plaintiff's Complaint, Prayer for Relief.*

7.      This Court, therefore, has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332. This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1332 and § 1441(a).

DATED THIS *19th* day of January, 2023.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _John A. Bailey_____
John Bailey Jr., ISB No. 2619
Attorneys for Federal Express Corporation and
FedEx Ground Package System, Incorporated

**NOTICE OF REMOVAL PAGE-3**

## CERTIFICATE OF SERVICE

I do hereby certify that on the _19th_ day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to the following:

Wayne K. Caldwell
BEARNSON & CALDWELL LLC
399 North Main – Suite 270
Logan, UT 84321
Email: wcaldwell@bearnsonlaw.comk

*Attorney for Plaintiff*

/s/ John A. Bailey
John A. Bailey

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
12/30/2022
CT Log Number 542940272

## Service of Process Transmittal Summary

**TO:**     Litigation Department
Federal Express Corporation
3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B
MEMPHIS, TN 38125

**RE:**     Process Served in Idaho

**FOR:**    Federal Express Corporation (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | POINT ZERO ENERGY, LLC, an Idaho Limited Liability Company vs. FEDERAL EXPRESS CORPORATION |
| **DOCUMENT(S) SERVED:** | Letter, Summonses, Complaint(s) and Jury Demand(s) |
| **COURT/AGENCY:** | Franklin County - Sixth Judicial District, ID<br>Case # CV21220455 |
| **NATURE OF ACTION:** | Civil action for damages and declaratory relief resulting from the negligent taking, intentional conversion and breach of contract from Defendant wrongfully selling Plaintiff's merchandise. |
| **PROCESS SERVED ON:** | C T Corporation System, Boise, ID |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 12/30/2022 postmarked on 12/27/2022 |
| **JURISDICTION SERVED:** | Idaho |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S)/SENDER(S):** | Wayne K. Caldwell<br>BEARNSON & CALDWELL, LLC<br>399 North Main, Suite 270<br>Logan, UT 84321<br>435-752-6300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/30/2022, Expected Purge Date: 01/04/2023 |
| | Image SOP |
| | Email Notification, Litigation Department lydia.langbein@fedex.com |
| | Email Notification, Stacey Stephens stacey.stephens@fedex.com |
| | Email Notification, Cynthia Schwind cynthia.schwind@fedex.com |
| | Email Notification, Kathy Miller khmiller@fedex.com |
| | Email Notification, Donna Moore donnamoore@fedex.com |
| | Email Notification, Gabriel Hernandez gabrielhernandez@fedex.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1555 W. Shoreline Drive |

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/30/2022
CT Log Number 542940272

Suite 100
Boise, ID 83702
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



US POSTAGE <sub>~PITNEY BOWES</sub>

$ 009.41°
ZIP 84321
02 7H
0006037025    DEC 27 2022

FIRST-CLASS

CERTIFIED MAIL

7018 1130 0000 0110 4481



Bearnson & Caldwell, LLC
399 North Main, Suite 270
Logan, UT 84321

TO:

CT Corporation System
1555 W. Shoreline Drive — Suite 100
Boise, ID 83702



Brad H. Bearnson
Wayne K. Caldwell
Aaron K. Bergman
Wayman M. Stodart
Aubri O. Thomas
Arther P. Hart

**BEARNSON CALDWELL**
A T T O R N E Y S

Wayne K. Caldwell
wcaldwell@bearnsonlaw.com

*Licensed in Arizona, Utah and Idaho*

December 27, 2022

Federal Express Corporation
c/o C T Corporation System
1555 W. Shoreline Drive – Suite 100
Boise, ID  83702

Certified Mail No. 7018 1130 0000 0110 4481

Fedex Ground Package System, Inc.
c/o C T Corporation System
1555 W. Shoreline Drive – Suite 100
Boise, ID  83702

> RE:    *Service of Subpoenas to Federal Express Corporation AND*
>        *Fedex Ground Package System, Inc.,*

Ladies and Gentlemen:

We request that the enclosed *Subpoenas* be served on Federal Express Corporation and Fedex Ground Package System, Inc.

Please send return and billing directly to Bearnson & Caldwell, LLC, Attn: Bonnie Jensen, at 399 N. State Street – Suite 270, Logan, Utah 84321, or feel free to email the same to bjensen@bearnsonlaw.com.

If you have any questions, please feel free to contact me at 435-752-6300.

Yours truly,

BEARNSON & CALDWELL, LLC

*Wayne K. Caldwell*

Wayne K. Caldwell

399 North Main Street, Suite 270
Logan, Utah 84321
Phone: 435.752.6300

www.bearnsonlaw.com

6616 East Cave Creek Road
Cave Creek, Arizona 85331
Phone: 480.428.1250

Wayne K. Caldwell (#9466)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
Telephone: (435)752-6300
Facsimile: (435)752-6301
Email: wcaldwell@bearnsonlaw.com
*For emails, please cc:* bjensen@bearnsonlaw.com
*Attorneys for Plaintiff*

IN THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO

IN AND FOR FRANKLIN COUNTY

| | |
|---|---|
| POINT ZERO ENERGY, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION an Idaho Foreign Business Corporation, FEDEX GROUND PACKAGE SYSTEM, INCORPORATED an Idaho Foreign Business Corporation, and DOES 1-15,<br><br>Defendant. | **Case No. CV21-22-0455**<br>**Judge: Mitchell W. Brown**<br><br><br><br>**S U M M O N S**<br>**(Federal Express Corporation)** |

**THE STATE OF IDAHO TO THE ABOVE-NAMED DEFENDANT:**

**FEDERAL EXPRESS CORPORATION, INC**
**c/o C T Corporation System**
**1555 W. Shoreline Drive – Suite 100**
**Boise, ID  83702**

You are hereby summoned and required to file an Answer in writing to the attached

*Complaint,* with the Clerk of the above-entitled Court, whose address is 39 West Oneida,

Preston, Idaho 83263, and to serve upon or mail to BEARNSON & CALDWELL, LLC, Wayne

K. Caldwell, Plaintiff's attorney, 399 North Main, Suite 270, Logan, Utah, 84321, a copy of said

Answer, within 21 (twenty-one) days after service of this Summons upon you.

If you fail to do so, judgment will be taken against you for the relief demanded in said

Complaint, which has been filed with the Clerk of the said Court and a copy of which is hereto

annexed and herewith served upon you.

DATED 12/27/2022



FRANKLIN COUNTY CLERK OF THE COURT

By: _____ Linda Hampton _____

Electronically Filed
12/21/2022 3:47 PM
Sixth Judicial District, Franklin County
Camille Larsen, Clerk of the Court
By: Linda Hampton, Deputy Clerk

Wayne K. Caldwell (#9466)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
Telephone: (435)752-6300
Facsimile: (435)752-6301
Email: wcaldwell@bearnsonlaw.com
*For emails, please cc:* bjensen@bearnsonlaw.com
*Attorneys for Plaintiff*

IN THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO

IN AND FOR FRANKLIN COUNTY

| | |
|---|---|
| POINT ZERO ENERGY, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION an Idaho Foreign Business Corporation, FEDEX GROUND PACKAGE SYSTEM, INCORPORATED an Idaho Foreign Business Corporation, and DOES 1-15,<br><br>Defendant. | **COMPLAINT & JURY DEMAND**<br><br><br>Case No. CV21-22-0455<br>Judge: Brown, Mitchell W. |

Plaintiff, POINT ZERO ENERGY, LLC, an Idaho limited liability company, by and through its attorney Wayne K. Caldwell and BEARNSON & CALDWELL, LLC, ("Plaintiff" or "Point Zero") complains against Defendant, FEDERAL EXPRESS CORPORATION, an Idaho Foreign Business Corporation ("Defendant" or "FedEx"), and DOES 1-15 as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages and declaratory relief resulting from the negligent taking, intentional conversion and breach of contract from Defendant wrongfully selling Plaintiff's merchandise.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Point Zero Energy, LLC, is an Idaho Limited Liability Company, doing business in Franklin County, State of Idaho.

3. Defendant, Federal Express Corporation, is a corporation incorporated in Delaware, with its principal business services based in Memphis, Tennessee.

4. Defendant, FedEx Ground Package System, Inc., a subsidiary corporation of Federal Express Corporation, is incorporated in Delaware with its principal business services based in Moon Township, Pennsylvania.

5. Federal Express Corporation and its many subsidiaries (hereinafter "FedEx" or "Defendants"), are registered in Idaho as Idaho Foreign Business Corporations.

6. DOES 1-15 are individuals and/or business entities who under information and belief are responsible for and liable to Plaintiff for those acts, omissions, and/or damages raised herein. Plaintiff will amend this complaint to allege the true names and capacities of such defendants when the same is ascertained.

7. This Court has jurisdiction over parties in, and subject of this action under I.C. § 1-705, original jurisdiction.

8. Venue is proper in accordance with I.C § 5-404, given that FedEx is a foreign corporation and does not have a county of residence in Idaho

Point Zero Energy, LLC v. Federal Express Corporation, et al
*Complaint and Jury Demand*                                                                 Page 2

9. The jurisdictional amount for filing this action is satisfied.

## GENERAL ALLEGATIONS

10. Point Zero is engaged in the business of manufacturing and delivering solar power generators to customers across the United States.

11. During 2020-2021, several of Point Zero customers across the United States were in dire need of solar equipment that Point Zero shipped from its location in Weston, Idaho via FedEx. This solar equipment was seized in transit by FedEx and stored in a warehouse in Mississippi.

12. Point Zero used a third party to create labels for them (shippler.net).

13. Shippler, was the company that Point Zero had contracted with to provide valid FedEx labels and convey Point Zero packages to FedEx.

14. Point Zero would send Shippler a list of packages that needed to be shipped, and Shippler would send Point Zero a PDF for the labels. Point Zero would then print the labels and put them on their packages, then contact FedEx to arrange pickup. FedEx would come to Point Zero's place of business in Weston, Idaho and pick up the packages. FedEx would take the packages to its local distribution center where they would be further processed for delivery.

15. Point Zero had used Shippler for about six months with no issues, until on January 22, 2021, every package Point Zero had in transit (and even labels made that had not been shipped) were marked with a shipping exception and shipped to Olive Branch, Mississippi.

16. Some of the packages had been picked up only a few hours before being marked with a shipping exception. The total value of the packages in holding was just over $108,000.

17. Point Zero immediately contacted FedEx regarding the undelivered packages and was advised during its initial telephone contact with FedEx to send them a list of the packages they had, and the tracking numbers and they would forward them on to Point Zero's customers.

18. Point Zero immediately sent FedEx the requested information; however, the packages were not forwarded on.

19. FedEx then began compounding their instructions to Point Zero, and with each conversation, FedEx made it sound like Point Zero only had one more thing to do and the packages would go out. The packages were never sent.

20. Upon being advised of the situation, Point Zero immediately contacted FedEx and was prepared to make efforts to remedy the outstanding obligation.

21. Point Zero initiated a dialogue with a FedEx representative in Salt Lake City, Utah, recorded in FedEx records as Case #194396.

22. Unfortunately, those efforts reached a standstill with FedEx employees in Mississippi, refusing to communicate with local representatives regarding the status of Point Zero's packages.

23. On February 25, 2021, Plaintiff retained the services of Bearnson & Caldwell, LLC to assist them in taking all reasonable steps to settle obligations between Point Zero and FedEx.

24. However, as a result of the breakdown in communication, Point Zero was put in an untenable position with Point Zero customers who were relying on the life-saving generators to provide backup power in various, weather-impacted environments.

25. The delay also impacted Point Zero's relationship with its customers, both current and prospective, and the delays caused irreparable damage to Point Zero's business reputation and caused substantial economic damage to Point Zero.

26. When Point Zero's customer called into FedEx regarding their packages, FedEx gave the customers false information, varying from Point Zero did not pay their FedEx bill, they cannot get a hold of Point Zero, to the packages were lost or stolen, and Point Zero should have filed a claim a long time ago.

27. Point Zero's customers were upset and threatened lawsuits.

28. However, worse than that were the numerous, derogatory posts customers posted in YouTube videos and other social media forums.

29. All efforts to mitigate the damages caused by FedEx were met with deaf ears.

## FIRST CAUSE OF ACTION – CONVERSION

30. Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

31. Without first informing Plaintiff, FedEx willfully interfered with chattel and property owned by Point Zero, to which they did not have lawful justification to interfere, by rerouting it to a long-term holding facility in Mississippi.

32. Some of the chattel and property being rerouted only hours after pickup, still very close to Plaintiffs' facility.

33. FedEx did not perfect a lien on Plaintiff's chattel and property because it did not provide notice that it intended to do so, or that there has arisen an occurrence to justify said lien before terminating the delivery and rerouting the chattel and property to its holding facility.

34. After Plaintiff discovered FedEx's interference with its chattel and property Plaintiff worked diligently to recover property held by FedEx.

35. Without notice, or a proper lien, and during the pendency of negotiation to recover the chattel and property, FedEx converted Plaintiff's chattel and property by selling it through auction from its Olive Branch, Mississippi warehouse.

36. As a result, Point Zero has been wrongfully deprived of said property and chattel, damages general, special, and punitive, to be determined at trial.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

37. Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

38. Plaintiff and FedEx had a legally enforceable contract wherein Plaintiff agreed to pay FedEx and FedEx agreed to deliver solar equipment to Plaintiff's customers.

39. In the alternative, Plaintiff and FedEx had a contract implied-in-fact, as evidenced by the parties' conduct, including but not limited to, Plaintiff's arrangement of package pickup and FedEx's partial delivery of the solar equipment.

40. Because Plaintiff had used Shippler's services to prepay and print labels for six months without any problem, and FedEx continued to pick up the prepaid packages without complaint, Plaintiff believed that the delivery charges were paid.

41. Upon discovery of the bilateral mistake, Plaintiff engaged FedEx to find a resolution.

42. FedEx did not deliver the solar equipment as required under the contract or reach a resolution with Plaintiff regarding shipping payment before arbitrarily and unilaterally terminating the delivery and selling Plaintiff's' solar equipment.

43. Because of FedEx's breach of contract, Plaintiff has suffered damages, the quality and extent of which are to be determined at trial, including but not limited to special and

compensatory damages, as well as reasonable costs and attorney's fees; and prejudgment and post-judgment interest.

### THIRD CAUSE OF ACTION – BREACH OF GOOD FAITH AND FAIR DEALING

44. Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

45. While Plaintiff was negotiating with a local representative of FedEx for either the return of the solar equipment or completed delivery, the Mississippi facility refused to communicate. Furthermore, owing to the large corporate nature of FedEx, Plaintiff was forced to communicate with many different employees, which created delay.

46. Plaintiff submitted information that allowed FedEx to restart or forward the delivery of the solar equipment at FedEx's request. However, upon prompt receipt of the information, FedEx failed to restart or forward the delivery of the solar equipment.

47. FedEx began giving confusing and compound instructions as well as changing the requirements for the solar equipment to restart deliver, which Plaintiff complied with to the best of its ability.

48. FedEx did not restart or forward the delivery of the solar equipment despite the urgent and lifesaving implications of Plaintiff's solar equipment, and despite Plaintiff's diligent effort.

49. Furthermore, when it became clear FedEx would not perform under the delivery contract, Plaintiff sent out replacement equipment to its customers and requested a return of the solar equipment. FedEx then demanded an exorbitant rate to ship the solar equipment from Mississippi, a place neither between where delivery was to be made and the origin or agreed to by Plaintiff. FedEx, of its own accord, removed the packages to Mississippi, some of which were only a few hours away from the point of origin, then demanded payment for shipment

Point Zero Energy, LLC v. Federal Express Corporation, et al
*Complaint and Jury Demand*                                                                                         Page 7

50. While Plaintiff was negotiating this exorbitant and unfair rate with FedEx, FedEx, without warning, unilaterally decided to sell and did sell Plaintiff's solar equipment thus breaching its duty of good faith and fair dealing.

51. As a direct and foreseeable result of FedEx acting in bad faith with regards to Plaintiff's solar equipment, Plaintiff was deprived of any benefit under the contract and has incurred damages, the quality and extent of which are to be determined at trial, including but not limited to special and compensatory damages, as well as reasonable costs and attorney's fees.

### FORTH CAUSE OF ACTION – UNJUST ENRICHMENT

52. Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

53. In the alternative, if no actual contract was formed, an implied in fact contract exists wherein Plaintiff agreed to pay FedEx and FedEx agreed to deliver solar equipment to Plaintiff's customers.

54. Plaintiff allowed FedEx to take possession of Plaintiff's solar equipment for the purpose of delivery.

55. Rather than making the delivery FedEx took the solar equipment to its facility in Mississippi where FedEx decided to sell it.

56. FedEx sold the equipment for a fraction of its value then absconded with the funds, never providing a full accounting to Plaintiff.

57. Plaintiff never received funds back to the extent the proceeds from the sale exceeded the amount FedEx claimed was owed for a full delivery it never made.

58. FedEx retained the benefit of the contract to the detriment of Plaintiff. As a result, Plaintiff has been inequitably damaged, the quality and extent of which are to be determined at

trial, including but not limited to special and compensatory damages, as well as reasonable costs and attorney's fees; and prejudgment and post-judgment interest

## FIFTH CAUSE OF ACTION - DEFAMATION

59. Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

60. When Plaintiff's end customers stopped receiving deliveries many of them contacted FedEx for an explanation. In response FedEx gave false and misleading statements regarding the status of the packages and Plaintiff's involvement in trying to secure shipping.

61. Due to the false information about Plaintiff and Plaintiff's shipment provided by FedEx, end customers began complaining on social media repeating, the false information to the public at large.

62. As a result of FedEx's false and misleading statements, Plaintiff has lost sales of solar equipment, had its professional reputation damaged, and lost consumer confidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.      For judgment against the Defendant for damages in an amount to be determined at trial, and as appropriate, punitive damages;

B.      For the entry of declaratory relief in the form of a constructive trust over the proceeds, to the extent traceable;

C.      For judgment against Defendant for all costs incurred by Plaintiff in bringing this action, including but not limited to attorney's fees;

D.      For prejudgment and post-judgment interest; and

E.      For such other and further relief as the Court deems just and appropriate.

DATED this _21st_ day of December, 2022.

BEARNSON & CALDWELL, LLC

_/s/ Wayne K. Caldwell_
Wayne K. Caldwell
*Attorneys for Plaintiff*

Wayne K. Caldwell (#9466)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
Telephone: (435)752-6300
Facsimile: (435)752-6301
Email: wcaldwell@bearnsonlaw.com
*For emails, please cc:* bjensen@bearnsonlaw.com
*Attorneys for Plaintiff*

---

IN THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO

IN AND FOR FRANKLIN COUNTY

---

| | |
|---|---|
| POINT ZERO ENERGY, LLC, an Idaho Limited Liability Company, | **Case No. CV21-22-0455** <br> **Judge: Mitchell W. Brown** |
| Plaintiff, | |
| v. | |
| FEDERAL EXPRESS CORPORATION an Idaho Foreign Business Corporation, FEDEX GROUND PACKAGE SYSTEM, INCORPORATED an Idaho Foreign Business Corporation, and DOES 1-15, | **S U M M O N S** <br> **(FedEx Ground Package System, Inc.)** |
| Defendant. | |

---

**THE STATE OF IDAHO TO THE ABOVE-NAMED DEFENDANT:**

    **FEDEX GROUND PACKAGE SYSTEM, INC.**
    **c/o C T Corporation System**
    **1555 W. Shoreline Drive – Suite 100**
    **Boise, ID 83702**

    You are hereby summoned and required to file an Answer in writing to the attached

*Complaint,* with the Clerk of the above-entitled Court, whose address is 39 West Oneida,

Preston, Idaho 83263, and to serve upon or mail to BEARNSON & CALDWELL, LLC, Wayne

K. Caldwell, Plaintiff's attorney, 399 North Main, Suite 270, Logan, Utah, 84321, a copy of said

Point Zero Energy, LLC v. Federal Express Corporation, et al
*Summons (FedEx Ground Package System, Inc.)*                                    Page 1



Answer, within 21 (twenty-one) days after service of this Summons upon you.

If you fail to do so, judgment will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of the said Court and a copy of which is hereto annexed and herewith served upon you.

DATED: ___12/27/2022___



FRANKLIN COUNTY CLERK OF THE COURT

By: _____*Linda Hampton*_____