John A. Bailey, Jr., ISB No. 2619
HAWLEY TROXELL ENNIS & HAWLEY LLP
333 So. Main Street, Suite 200
P.O. Box 100
Pocatello, ID 83204
Telephone: 208.233.2001
Facsimile: 208.232.0150
Email: jbailey@hawleytroxell.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

EASTERN DIVISION

| | |
|---|---|
| POINT ZERO ENERGY, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX CORPORATE SERVICES, INCORPORATED an Idaho Foreign Business Corporation, FEDEX GROUND PACKAGE SYSTEM, INCORPORATED an Idaho Foreign Business Corporation, and DOES 1-15,<br><br>Defendants. | Case No. 4:23-cv-25-BLW<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIM |

COMES NOW the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., by and through its attorney, John A. Bailey, Jr., of Hawley Troxell Ennis & Hawley, LLP, and hereby

answers the Amended Complaint and Demand for Jury Trial (the "Amended Complaint") of Plaintiff POINT ZERO ENERGY, LLC ("Plaintiff") as follows:

## FIRST DEFENSE

## NATURE OF THE ACTION

1. Answering paragraph 1 of the Amended Complaint this Defendant states that it is a statement of the nature of the claim to which no response is required from this Defendant, however to the extent an answer is required, this Answering Defendant denies the allegations contained therein.

2. Answering paragraph 2 of the Amended Complaint, upon information and belief the Defendant admits the Plaintiff is a company doing business in Franklin County, Idaho.

3. Answering paragraph 3 of the Amended Complaint, this Answering Defendant admits the allegations contained therein.

4. Answering paragraph 4 of the Amended Complaint, this Answering Defendant denies the allegations as written and states that FedEx Ground Package System, Inc. is a wholly owned subsidiary of FedEx Corporation with its principal place of business in Moon Township, Pennsylvania.

5. Answering paragraph 5 of the Amended Complaint, this Answering Defendant admits the allegations contained therein.

6. Answering paragraph 6 of the Amended Complaint, this Answering Defendant is without sufficient information upon which to form a belief as to the truth or falsity of said allegations, and therefore denies the same.

7. Answering paragraph 7 of the Amended Complaint, this Answering Defendant admits only that the Federal Court has subject matter jurisdiction over this matter as noted in the Notice of Removal.

8. Answering paragraph 8 of the Amended Complaint, this Answering Defendant admits that venue is proper in this Federal District Court.

9. Answering paragraph 9 of the Amended Complaint, this Answering Defendant admits that the jurisdictional limits for diversity are satisfied for Federal Court.

## GENERAL ALLEGATION

10. Answering paragraph 10 of the Amended Complaint, this Answering Defendant states on information and belief that Point Zero was engaged in the business of manufacturing solar powered generators. The Answering Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations at paragraph 10 and therefore denies them.

11. Answering paragraph 11 of the Amended Complaint, this Answering Defendant is without sufficient information upon which to form a belief as to the truth or falsity of said allegations and therefore denies the same.

12. Answering paragraph 12 of the Amended Complaint, this Answering Defendant admits the allegations contained therein.

13. Answering paragraph 13 of the Amended Complaint, this Answering Defendant denies the allegations as written, as the Defendant, on information and belief, states that the labels were not valid shipping labels.

14. Answering paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29 of the Amended Complaint, this Answering Defendant is without sufficient information upon which to form a believe as to the truth or falsity of said allegations, and therefore denies the same.

15. Answering paragraph 30 of the Amended Complaint, this Answering Defendant repleads its responses to paragraphs 1-29 as if set for in full herein.

16. Answering paragraphs 31, 32, 33, 34, 35 and 36 of the Amended Complaint, this Answering Defendant is without sufficient information upon which to form a belief as to the truth or falsity of said allegations, and therefore denies the same.

17. Answering paragraph 37 of the Amended Complaint, this Answering Defendant repleads its responses to the allegations in paragraphs 1-36 as if set forth in full herein.

18. Answering paragraphs 38, 39, 40, 41 and 42 of the Amended Complaint, this Answering Defendant is without sufficient information upon which to form a belief as to the truth or falsity of said allegations, and therefore denies the same.

19. Answering paragraph 43 of the Amended Complaint, this paragraph seeks a legal conclusion, and therefore, no answer is required from this Defendant. To the extent an answer is required, this Answering Defendant denies the allegations contained therein.

20. Answering paragraph 44 of the Amended Complaint, this Answering Defendant repleads its responses to paragraphs 1-43 as if set forth in full herein.

21. Answering paragraphs 45, 46, 47, 48, 49 and 50 of the Amended Complaint, this Answering Defendant is without sufficient information upon which to form a belief as to the truth or falsity of said allegations, and therefore, denies the same.

22. Answering paragraph 51 of the Amended Complaint, this Answering Defendant states that paragraph 51 seeks a legal conclusion to which no response is required from this Defendant. To the extent a response is required, this Answering Defendant denies the allegations of said paragraph.

23. Answering paragraph 52 of the Amended Complaint, this Answering Defendant repleads its responses to paragraphs 1-51 as if set forth in full herein.

24. Answering paragraph 53, 54, 55, 56, 57, and of the Amended Complaint, this Answering Defendant is without sufficient information upon which to form a belief as to the truth or falsity of said allegations, and therefore denies the same.

25. Answering paragraph 58 of the Amended Complaint, this Answering Defendant states that paragraph 58 seeks a legal conclusion to which no response is required from this Defendant. To the extent a response is required, this Answering Defendant denies the allegations of said paragraph.

26. Answering paragraph 59 of the Amended Complaint, this Answering Defendant repleads its responses to paragraphs 1-58 as if set forth in full herein.

27. Answering paragraph 60, 61 and 62 of the Amended Complaint, this Answering Defendant is without sufficient information upon which to form a belief as to the truth or falsity of said allegations, and therefore, denies the same.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each purported cause of action contained therein, fails to state a claim or cause of action upon which relief can or could be granted, and therefore should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, as alleged, and purported causes of action are barred or limited by the contract of carriage as evidenced by the language found on any related shipping documents which accompanied the alleged shipments, shipping labels, shipment receipts and by the terms and conditions of the applicable FedEx Ground Tariff and Service Guide, incorporated herein by reference.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its failure to perform all conditions precedent to recovery as required by the contract of carriage, including but not limited to failure to state or pay for declared value.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its own assumption of risk, or the assumption of risk by its agents, employees, or representatives.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its own negligence, or the negligence of its agents, employees, or representatives, or other parties over whom this Answering Defendant has no control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its own breach of contract, or the breach of contract of its agents, employees or representatives.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering on the claims alleged in its Amended Complaint because the damages resulting in such claims were the result of Plaintiff's own acts or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that there may be other persons or entities who may or may not have been named and/or served in this action who are at fault with respect to the matters referred to in the Amended Complaint, and that such fault proximately caused the damages, if any, complained of by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by federal common law applicable to federally registered and regulated motor carriers such as FedEx Ground, and by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering on the claims alleged in its Amended Complaint because it failed to timely file a claim with this Answering Defendant and this suit pursuant to the terms and condition of the contract of carriage.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by its failure to give timely notice.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as more than two years have passed since the facts giving rise to the claims of negligence and defamation occurred, and therefore violate Idaho Code section 5-219.

This Answering Defendant reserves the right to assert any additional affirmative defenses which may be disclosed during the course of additional investigation or discovery.

## RESERVATION OF ADDITIONAL DEFENSES

The foregoing defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In asserting these defenses, this Answering Defendant does not admit that it has the burden of proving the allegations or denials contained in the defenses, but, to the contrary, asserts that by reason of the denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse to the allegations contained in many of the defenses is upon the Plaintiff. This Answering Defendant does not admit, in asserting any defense, any responsibility or liability, but, to the

contrary, specifically denies any and all allegations of responsibility and liability in the Amended Complaint.

This Answering Defendant has considered and believes that it may have additional defenses to the Amended Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses. Accordingly, this Answering Defendant reserves the right to supplement this Answer to add additional defenses as discovery in this case progresses.

## **REQUEST FOR ATTORNEYS' FEES**

This Answering Defendant has been required to retain the services of Hawley Troxell Ennis & Hawley, LLP in order to defend against Plaintiff's Amended Complaint, and is entitled to reasonable attorneys' fees and costs of suit from Plaintiff pursuant to applicable sections of the Idaho Code, Rule 54 of the Idaho Rules of Civil Procedure, or any other relevant Idaho statute or rule, including but not limited to Idaho Code §§ 12-120(3) and 12-121.

WHEREFORE, this Answering Defendant prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. That Answering Defendant be awarded its costs and attorneys' fees necessarily incurred in defending this action; and

3. For such other relief as the Court may deem just and proper.

## COUNTERCLAIM

## NATURE OF THE ACTION

1. This counterclaim arises out of Point Zero Energy, LLC's ("Point Zero") failure to provide payment for shipping solar power generators through FedEx Ground Package System, Inc. ("FedEx Ground").

## PARTIES, JURISDICTION, AND VENUE

2. Counter-claimant FedEx Ground is a wholly owned subsidiary of FedEx Corporation with its principal place of business in Moon Township, Pennsylvania.

3. Counter-defendant Point Zero is an Idaho Limited Liability Company, doing business in Franklin County, State of Idaho.

4. This Court has jurisdiction over the parties and the subject of this action under 28 U.S.C. §1332.

5. Venue is proper in accordance with 28 U.S.C. §1391 given that Counter-defendant alleges and admits that it is an Idaho Limited Liability Company, doing business in Franklin County, State of Idaho.

6. The jurisdictional amount for filing this action is satisfied.

## GENERAL ALLEGATIONS

7. FedEx Ground is in the business of shipping packages throughout the United States on behalf of FedEx customers.

8. Point Zero is engaged in the business of manufacturing solar power generators for customers across the United States.

9. During April 2020 through January 2021, Point Zero used a third party, shippler.net ("Shippler"), to create FedEx Ground shipping labels for Point Zero's shipments. Shippler sold FedEx Ground shipping labels to companies. Shippler billed its customers but never paid FedEx for any shipping service provided pursuant to those shipping labels.

10. In 2020, Shippler opened and used FedEx business customer accounts to create shipping labels.

11. Point Zero alleges and therefore admits that it sent Shippler a list of packages that needed to be shipped, and Shippler would generate FedEx Ground shipping labels and send the shipping labels in a PDF to Point Zero. When this arrangement began, FedEx Ground was unaware that Point Zero was obtaining shipping labels from Shippler.

12. Point Zero alleges and therefore admits that it would print the FedEx Ground labels generated by Shippler and place them on the packages that were to be shipped.

13. Point Zero alleges and therefore admits that it would then arrange for FedEx Ground to have the shipments picked up at Point Zero's place of business in Weston, Idaho, and delivered to the addresses on the shipping labels.

14. Neither Point Zero nor Shippler ever paid FedEx Ground for the transportation services provided to Point Zero. Because of the ongoing fraudulent activity by Shippler, FedEx began halting all shipments traveling on certain accounts and held the shipments at its Package Research and Recovery Warehouse in Olive Branch, Mississippi.

15. The total FedEx Ground shipping bill for packages shipped by Point Zero using shipping labels created by Shippler is $137,262.11, for the period beginning in April 2020 and running through January 2021.

## FIRST CAUSE OF ACTION –UNJUST ENRICHMENT

16.     FedEx Ground hereby re-alleges and incorporates the allegations contained in Paragraphs 1-15 of this Counterclaim.

17.     Pickup and delivery services provided by FedEx Ground conferred a benefit on Point Zero by allowing Point Zero to ship its solar equipment to its customers.

18.     Point Zero accepted the benefit of those services that it arranged through Shippler but for which Shippler never paid FedEx Ground.

19.     The billed and unpaid amount for those pickup and delivery services was $137,262.11.

20.     Under the circumstances, it would be unjust for Point Zero to retain the benefits of those pickup and delivery services without compensating FedEx Ground.

## ADDITIONAL CLAIMS

21.     FedEx Ground reserves the right to state additional claims against the Counter-defendant as such claims are revealed through the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-claimant respectfully requests this Court to:

1. Award damages in excess of $75,000 in an amount to be proved at trial;

2. Award interest on said amounts and costs incurred in this action;

4. Award their reasonable costs and expenses;

5. Award their reasonable attorneys' fees; and

6. Grant such other and further relief, at law and in equity, as this Court deems just and proper.

Dated: 6/14/23

HAWLEY TROXELL ENNIS & HAWLEY LLP

By /s/ John A. Bailey
John A. Bailey, Jr., ISB No. 2619
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14 day of June 2023, I electronically filed the foregoing FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIM with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Wayne K. Caldwell  
BEARNSON & CALDWELL, LLC  
*Attorneys for Plaintiff*

wcaldwell@bearnsonlaw.com  
bjensen@bearnsonlaw.com

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants (list names and addresses):

☐ U.S. Mail, Postage Prepaid  
☐ Hand Delivered  
☐ Overnight Mail  
☒ E-mail  
☐ Facsimile

☐ U.S. Mail, Postage Prepaid  
☐ Hand Delivered  
☐ Overnight Mail  
☒ E-mail  
☐ Facsimile

_____  
John A. Bailey, Jr.